UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| JOY R. WHIPPLE, M.D. | ) | CASE NO. 10-5075 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT |
| v. | ) | OF PLAINTIFF'S MOTION TO |
| | ) | COMPEL DISCOVERY |
| UNUM LIFE INSURANCE COMPANY OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Joy R. Whipple, M. D., the above-named Plaintiff, by and through her counsel of record, Shiloh M. MacNally of Gunderson, Palmer, Nelson & Ashmore, LLP, and hereby submits this Memorandum in Support of Plaintiff's Motion to Compel Discovery. Dr. Whipple requests an Order from this Court compelling answers to interrogatories, production of documents.

## ARGUMENT

### A. Discovery Should be Compelled

Dr. Whipple has propounded the following five interrogatories:

1. How many cases did Tony Smith, D.O. review for you in each of the following years: 2007, 2008, 2009, and 2010?

2. How many cases did Dr. Suzanne Benson review for you in each of the following years: 2007, 2008, 2009, and 2010?

3. How many cases did Dr. Beth Schnars review for you in each of the following years: 2007, 2008, 2009, and 2010?

4. How many cases did Dr. Andrew Krouskop review for you in each of the following years: 2007, 2008, 2009, and 2010?

5. How many cases did Pam McMillian, RN, MSC J review for you in each of the following years: 2007, 2008, 2009, and 2010?

(Exhibit 1.) Unum has provided answers only for the year 2010. (Exhibit 2.)

Dr. Whipple has also made the following requests for production of documents:

1

1. Please provide the W-2 or 1099 you issued to Tony Smith, D.O. for each of the following years: 2007, 2008, 2009, and 2010.

2. Please provide the W-2 or 1099 you issued to Dr. Suzanne Benson for each of the following years: 2007, 2008, 2009, and 2010.

3. Please provide the W-2 or 1099 you issued to Dr. Beth Schnars for each of the following years: 2007, 2008, 2009, and 2010.

4. Please provide the W-2 or 1099 you issued to Dr. Andrew Krouskop for each of the following years: 2007, 2008, 2009, and 2010.

5. Please provide the W-2 or 1099 you issued to Pam McMillian, RN, MSC J for each of the following years: 2007, 2008, 2009, and 2010.

(Exhibit 3.) Unum has provided documentation for the year 2010 only. (Exhibit 1 Bates stamped "UNUM 1-5".)

The individuals mentioned in the interrogatories and requests for production are medical advisors hired by Unum who reviewed Dr. Whipple's case. They provided opinions which were part of the basis for Unum's denial of benefits to Dr. Whipple. The amount of money Unum paid these individuals and the number of cases they reviewed may show bias and a conflict of interest. If these individuals receive substantial income from Unum and review many cases, they may have an interest in preserving their income and employment. "[P]hysicians repeatedly retained by benefits plans may have an incentive to make a finding of 'not disabled' in order to save their employers money and preserve their own consulting arrangements." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 832 (2003) (internal quotations omitted). Unum has provided answers and documents for the year 2010 only, the year Dr. Whipple's claim was denied. However, the few years previous to 2010 are relevant to determine bias or a conflict of interest because those years may indicate fiscal incentives not revealed from the 2010 year. The year the claim was denied cannot be looked at in a vacuum as it is entirely relevant to review the few years previous when determining whether a bias or conflict of interest exists. Dr. Whipple

2

requests this Court compel answers and production of documents for the remaining years pursuant to *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008).

In *Glenn*, the United States Supreme Court held that when a district court reviews the denial of benefits, it should take into account "several different, often case-specific, factors" which include the existence of a conflict of interest. *Glenn*, 554 U.S. at 117. A conflict of interest "should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." *Id.* The only way Dr. Whipple can provide evidence of the conflict of interest factor to the district court is through discovery.

Post-*Glenn* this Court has already had the opportunity to address whether a plaintiff is entitled to discovery of a conflict of interest in ERISA denial of benefits cases. In *Hackett v. Standard Insurance Co.*, No. CIV. 06-5040, 2010 WL 1494772 (D.S.D. April14, 2010) (Dock. 83) this Court stated:

> Where a conflict of interest exists, the court, using its authority under Fed.R.Civ.P. 26, should allow plaintiff to inquire into any financial incentive an administrator or its claims department may have in denying claims which, but for the conflict, would seem appropriate for payment of benefits. *Sanders v. Unum Life Ins. Co. of Am.*, No. 4:08CV00421 JLH, 2008 WL 4493043, at *4 (E.D.Ark. Oct.2, 2008); *Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219, No. CV 06-6793(JS)(AKT), 253 F.R.D. 219, 2008 WL 4376241, at *18 (E.D.N.Y. Sept. 24, 2008); *Myers v. Prudential Ins. Co. of Am.*, 581 F.Supp.2d 904, No. 1:08-cv-22, 2008 WL 4569969, at *10 (E.D.Tenn. Sept.22, 2008); *Hogan-Cross v. Metro. Life Ins. Co.*, 568 F.Supp.2d 410, 414 (S.D.N.Y.2008).
>
> The same holds true with respect to the relationship between an administrator's claims department and those outside medical advisors who may have an incentive to inappropriately deny claims so as to extend or otherwise enhance their longstanding financial relationship with the administrator. Like Magistrate Judge Duffy, this court agrees with the United States District Court for the Eastern District of Missouri, which held that "a conflict . . . cannot be considered in a vacuum. Discovery is required to explore the nature and extent of the purported conflict . . . at issue." *Sampson v. Prudential Ins. Co. of America*, No. 4:08CV 1290 CDP, 2009 WL 882407, at *2 (E.D.Mo. March 26, 2009) (recognizing the

3

> court's obligation to apply Glenn and ordering limited discovery beyond the administrative record).
>
> The landscape has, indeed, changed post- *Glenn*. The plaintiff must be allowed to make inquiry into the factors which will affect the weight that the court must give to the conflict of interest analysis under *Woo v. Deluxe Corp.*, 144 F.3d 1157 (8th Cir.1998).

*Hackett*, 2010 WL 1494772 at *3-4, (Dock. 83 pg. 7-8). Dr. Whipple's discovery requests are limited, narrowly tailored and entirely relevant. Pursuant to *Glenn* and *Hackett*, Dr. Whipple requests discovery should be compelled.[1] To the extent the W-2s or 1099s contain confidential information such as social security numbers, such sensitive information can be redacted.

## CONCLUSION

Dr. Whipple requests an order compelling the above mentioned discovery pursuant to *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008) and *Hackett v. Standard Insurance Co.*, No. CIV. 06-5040, 2010 WL 1494772 (D.S.D. April14, 2010) (Dock. 83).

Dated this 2nd day of November, 2011.

                             GUNDERSON, PALMER, NELSON
                                & ASHMORE, LLP

                             By: /s/ Shiloh M. MacNally
                                Shiloh M. MacNally
                                Attorneys for Plaintiff Joy R. Whipple, M.D.
                                440 Mt. Rushmore Road
                                P.O. Box 8045
                                Rapid City, SD  57709
                                Telephone: (605) 342-1078
                                Telefax:  (605) 342-0480
                                E-mail:  smacnally@gpnalaw.com

---

[1] In *Hackett*, Chief Judge Schreier compelled discovery under nearly identical interrogatories and requests even before *Glenn* was decided. *Hackett*, Civ. 06-5040 (Dock. 37).

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2011, a true and correct copy of a Memorandum in Support of Plaintiff's Motion to Compel Discovery was served electronically through the United States District Court's CM/ECF system on:

Lisa Hansen Marso
Boyce, Greenfield, Pashby & Welk, LLP
P.O. Box 5015
Sioux Falls, SD 57117-5015
E-mail: lkmarso@bgpw.com
*Attorneys for defendant,*
*Unum Life Insurance Company of America*

By: */s/Shiloh M. MacNally*
       Shiloh M. MacNally