UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JOY R. WHIPPLE, M.D.<br><br>        Plaintiff,<br><br>  v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | CIV. 10-5075<br><br>**BRIEF OPPOSING MOTION TO COMPEL** |

      Plaintiff Joy Whipple, M.D. asserts she is entitled to discovery as to compensation received and cases reviewed by medical providers involved in her claim so that she can demonstrate a conflict of interest to address the court's standard of review to be applied to her benefit denial claim. (Doc 30 pgs. 2-3). In support, Plaintiff relies upon the 2010 Hackett v. Standard Ins. Co. case. More recent cases from the Eighth Circuit Court of Appeals, however, suggest that the discovery requests should not be compelled.

## FACTS

      Plaintiff asserts she is entitled to disability benefits under an ERISA Plan issued to her employer. (Doc 1 ¶¶ 2-3, 9). The Plan provided Unum with discretion to determine benefits, resolve factual disputes, and interpret and enforce the Plan provisions. (Ward Aff. ¶ 2). To evaluate the facts in relation to the Plan language, Unum obtained medical records, spoke to the Plaintiff and her employer, had a nurse review work-up of the records done, and obtained an initial opinion from a family medicine physician. (Id. at ¶ 3). Based upon suggestions by the reviewing physicians, a second review (by a physical medicine and rehabilitation physician) was done and later reviews were also done by an internal medicine physician and a second physical

medicine and rehabilitation physician, and an internal medicine physician was also consulted. (Id.). Discussions by these physicians with Plaintiff's treating physicians were also had. (Id.). Taking into consideration the Plan definition of "disability" in connection with the opinions and evidence, Unum denied benefits determining Plaintiff did not meet the Plan's definition of disability; the denial was affirmed. (Id. at ¶ 4).

Plaintiff subsequently filed this ERISA claim asserting she is disabled under the Plan. (Doc 1). With its initial disclosures, Unum produced to Plaintiff the policies, and the claims file, over a thousand of pages of documents. (Marso Aff. ¶ 1). In February of 2011, Unum served upon Plaintiff its objections to producing 2007 to 2010 discovery related to the number of files the reviewing physicians had reviewed and the compensation received. (Doc 31-1, 31-3). Unum explained that the documents request was (1) not relevant; (2) was overly broad since Plaintiff did not file her claim until 2010; (3) exceeding the general scope of ERISA of seeking more than the claims file that had been produced; and (4) requesting confidential information protected by third parties' right of privacy. (Id.). In good faith and with an agreement that the documents would be treated as confidential, Unum did, however, subsequently produce the documents relevant to the 2010 request. (Doc 31-2, 31-4).

Plaintiff nevertheless seeks to compel discovery related to the 2007 to 2009 years from those physicians involved in her claim. (Doc 30 pgs. 1-2). The motion should be denied as not supported by Eighth Circuit Court of Appeals case law.

## AUTHORITY AND ANALYSIS

In evaluating an insurer's denial of ERISA benefits, the court will consider what weight to give the administrator's decision. Hackett v. Standard Ins. Co., 559 F3d 825 (8th Cir 2009)(citing Metropolitan Life Ins. Co. v. Glenn, 554 US 105, 114, 128 SCt 2343, 171 Led2d

299 (2008)). If a conflict of interest exists, then such conflict is "weighed as a factor in determining whether there is an abuse of discretion." Id.

A plan administrator who is both the insurer of the plan and a claims administrator operates under a conflict of interest. Glenn, 554 US at 114. Thus, where the defendant admits the dual role, discovery into the conflict is unwarranted. See Atkins v. Prudential Ins. Co., 404 FedApp 82, 84 (8th Cir 9/2010); Jones v. Reliastar Life Ins. Co., 615 F3d 941, 945 (8th Cir 8/2010). In Jones, the Eighth Circuit Court of Appeals affirmed the district court's denial of discovery and rejected the argument the discovery was needed to show the conflict instead finding the discovery unnecessary where the dual role was admitted:

> In ERISA cases, the general rule is that review is limited to the evidence that was before the administrator and Jones presents no convincing reason why this case should be an exception. He emphasizes that discovery should be allowed to explore ReliaStar's conflict of interest, *but ReliaStar concedes that it was both insurer and administrator of the plan, so discovery is unnecessary to establish the existence of a conflict."*

Id. (emphasis added)(internal citation omitted). The Court then determined the decision involved application of policy language to the facts and the administrative record was "sufficient to permit a fair evaluation." Id.

The Atkins Eighth Circuit Court of Appeals panel similarly denied the motion to compel. The Atikins Court determined where the defendant admits it is both the administrator and insurer, and the administrative record is sufficient to permit a fair evaluation of the decision, then it was proper for the district court to deny the discovery requests (involving claims handling). Id.

Numerous other recent district court opinions in the Eighth Circuit have similarly held discovery was not to be compelled. See e.g. Mohlke v. Metropolitan Life Ins. Co., 2011 WL 3876114, ___ FSupp2d ___ (9/2/2011)(citing five district court decisions including Wiliamson v. Hartford Life & Accident Ins. Co., 2010 WL 993675 (EDArk 2010)). In denying the motion

to compel the discovery the Mohlke court rejected the argument "that Glenn changed the landscape with respect to discovery in ERISA cases" and held discoverable only internal rules, guidelines, protocols or the like that were relied upon in making the claim determination. Id. at *1.

Plaintiff argues she needs the documents showing the 2007 to 2009 compensation received and cases reviewed by the physicians to demonstrate a conflict of interest. (Doc 30 pgs. 2-3). In support, Plaintiff relies upon the April 2010 Hackett opinion. (Id.). Hackett, however, was decided before the Eighth Circuit Court of Appeals issued the Jones and Atkins opinions. Consequently, it is Jones and Atikins that are authoritative. Prusuant to Jones and Atkins, Plaintiff's discovery requests are to be denied where here the defendant admits the dual role and administrator record is sufficient to permit a fair evaluation of the decision. Here Unum has admitted that it is the insurer and claims administrator of the applicable Plan. (Ward Aff. ¶ 2). It has also demonstrated the record is sufficient for the review. (Id. at ¶ 3). In contrast in her submission, Plaintiff has wholly failed to set forth any evidence, or even argue for that matter that the record is insufficient for the review[1]. See further Williamson, supra (further noting in denying the motion to compel that the plaintiff failed to provide any "factors specific to this case" that would demonstrate good cause to conduct discovery into an alleged conflict of interest). Moreover, the discovery requests Plaintiff seeks to compel do nothing more than demonstrate there is a relationship between Unum and the third parties. The number of claims reviewed and compensation received does nothing to demonstrate a bias or incentive by Unum for claim denial—it simply shows claims were reviewed and the individuals paid and sheds no further light on the standard of review.

---

[1] As established in the Affidavit of Ward, the administrative record is sufficient—Unum obtained all the medical records in existence prior to the claim and appeal determination, spoke to Plaintiff, her employer and her physicians, obtained medical opinions and followed recommendations by the physicians to involve other specialized physicians.

Pursuant to recent Eighth Circuit Court of Appeals binding case law, and Plaintiff's failure to demonstrate the good cause for the requested discovery, the motion to compel should be denied[2].

Dated this 21st day of November, 2011.

        /s/    *Lisa Hansen Marso*
Filed Electronically
Lisa Hansen Marso
BOYCE, GREENFIELD, PASHBY & WELK, L.L.P.
101 North Phillips Avenue, Suite 600
P.O. Box 5015
Sioux Falls, SD 57117-5015
(605) 336-2424
lkmarso@bgpw.com
Attorneys for Defendant

---

[2] As to the issues of confidentiality, Unum notes that no protective order for confidentiality was stipulated to. If the Court disagrees that the law disallows the discovery, a protective order for confidentiality should be entered.

5