UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| JOY R. WHIPPLE, M.D., | ) | CIV. 10-5075-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| UNUM GROUP CORPORATION, | ) | |
| d/b/a Unum Life Insurance | ) | |
| Company of America, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Plaintiff Joy R. Whipple, M.D. (Dr. Whipple) filed a complaint against defendant Unum Group Corporation (Unum) alleging defendant violated the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, in denying plaintiff disability benefits. (Docket 1). Unum admits the group disability insurance plan (Plan) with plaintiff's employer is subject to ERISA. (Docket 10). Unum admits it is both the insurer and the claims administrator of the Plan. (Docket 37-1, ¶ 2). Plaintiff filed a motion to compel to determine bias and conflict of interest by defendant in denying plaintiff benefits. (Docket 29). Defendant resists plaintiff's motion. (Docket 35).

On November 4, 2011, while plaintiff's motion was pending, the court entered an order requiring compliance with Fed. R. Civ. P. 5.2 and D.S.D. Civ. LR 5.2. (Docket 32). The court determined plaintiff's submission of exhibit 4 contained the employer's social security number, a personal identifier subject

to protection under the E-Government Act of 2002, Fed. R. Civ. P. 5.2, and D.S.D. Civ. LR 5.21. Pending the redaction and refiling of exhibit 4, the court directed the Clerk of Court to restrict public access to Docket 31. (Docket 32).

On January 17, 2012, the court entered an order granting plaintiff's motion to compel. (Docket 40). On January 19, 2012, following an *ex parte* telephone call from defense counsel, the court directed the Clerk of Court to restrict access to the order of January 17 to court users and case participants pending resolution of an anticipated defense motion to seal and motion for a protective order. Id. That same day, January 19, 2012, plaintiff filed a redacted version of exhibit 4. (Docket 41-4). Plaintiff redacted from the exhibit the employer's social security number as contemplated by the court's order of January 17.[1]

On January 20, 2012, defendant filed a motion to seal and a motion for a protective order. (Docket 43). Defendant's motions requested the court (1) seal plaintiff's attorney's affidavit exhibit (Docket 31-4) and the income amounts in lines 4-8 of the order granting plaintiff's motion to compel (Docket 40); (2) direct the income listed in plaintiff's exhibit 4 (Dockets 31-4) and the order

---

[1] Because Docket 41-4 contained the same financial information which was the subject of defense counsel's *ex parte* communication on January 19, the court, on January 25, directed the Clerk of Court to restrict access to Docket 41-4 to court users and case participants pending resolution of defendant's motions to seal and for a protective order. See Text Order (Docket 51). The Clerk filed Docket 41 again in its entirety but as a sealed document not accessible by anyone other than court users. (Docket 46).

(Docket 40) not be published by any third party; and (3) order the income information disclosed pursuant to the order (Docket 40) be subject to a protective order for confidentiality. Defendant proposed a protective order. (Docket 43-1).

On January 23, 2012, defendant filed amended motions to seal and for a protective order. (Docket 47). The amended motions expanded defendant's requests to include plaintiff's counsel's affidavit (Dockets 41 & 46). Id. On January 25, 2012, defendant separately filed a motion for an expedited order restricting access to exhibit 4 (Docket 41-4) and the income amounts on page 4 at lines 4-8 of the court's order (Docket 40). (Docket 48). That same day defendant filed a second amended motion for a protective order. (Docket 49). This motion again requests the court issue a protective order covering the income documents previously produced (Docket 31-4, 41-4, & 46-4) and any income information produced pursuant to the order (Docket 40) compelling discovery. Id. On January 25, defendant filed a second amended motion to seal, clarifying defendant's request that the court seal all income information previously filed (Dockets 31, 41 & 46) in the form of W-2s and 1099s. (Docket 50).

Following briefing, defendant's motions are ripe for resolution. For the reasons stated below, defendant's motions to seal and motions for a protective order are granted in part and denied in part.

**DISCUSSION**

**MOTIONS TO SEAL**

It is undisputed there was no protective order entered by the court and in place prior to defendant's production of 2010 W-2s for four Unum employees and a Form 1099 for one independent contractor ("2010 income records") to plaintiff.[2] Defendant argues it thought there was an agreement with plaintiff that a protective order would eventually be entered and, in the meantime, plaintiff's counsel would handle the 2010 income records in a confidential manner. (Docket 54, p. 8). "In good faith and with an agreement that the documents would be treated as confidential, Unum did, however, subsequently produce the [2010 income records] . . . ." (Docket 35, p. 2).[3]

Defendant calls this a "process of confidentiality." (Docket 54, p. 8). It argues Unum took "measures and engage[d] in a process to protect the

---

[2]During the *ex parte* telephone call on January 19, 2012, defense counsel represented to the court there **was** a protective order in place and suggested the court's order of January 17 violated the protective order. There was no protective order in place prior to January 19, 2012.

[3]In its memorandum opposing plaintiff's motion to compel discovery, defendant suggested, but never filed, a motion for a protective order before the court entered the order (Docket 40) granting plaintiff's motion to compel. Rather, defendant apparently thought a footnote comment would bring the issue to the attention of the court. "As to the issues of confidentiality, Unum notes that no protective order for confidentiality was stipulated to. If the Court disagrees that the law disallows the discovery, a protective order for confidentiality should be entered." (Docket 35, p. 5 at n. 2). This effort wholly fails to satisfy Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

information before providing it to Plaintiff." Id.  First, Unum informed plaintiff it "considered income of third parties to be confidential, which was one of the reasons [defendant] requested Plaintiff agree to the protective order." Id.  This declaration originates beginning with defense counsel's e-mail of February 1, 2011.  (Docket 55-1).  "I am attaching a protective order for confidentiality particularly because you are requesting financial information from third parties."  Id.  Defense counsel asked plaintiff to review the draft stipulation and sign it so defendant could get it filed with the court.  Id.  The e-mail concluded "[i]f you have suggested changes or would like to further visit about this matter, please let me know.  Thank you."  Id.  The next day plaintiff's e-mail in response stated, "I will look over the protective order."  Id.

The issue of a protective order came off the table on February 9, 2011, while the parties focused on mediation of plaintiff's claim.  Defense counsel's e-mail stated, "I will hold off on further responding to the discovery requests, and we will hold off on working out the protective order language.  In the event mediation does not resolve the case, we will then discuss the discovery and protective order issues . . . ."  (Docket 53-1).

After mediation was unsuccessful counsel again discussed discovery issues.  On April 12, 2011, defense counsel's e-mail stated, "May 18 I get you what discovery we agree to give you, as my client is not willing to turn over everything you've asked for."  (Docket 53-2).  This e-mail went on to discuss the

need for plaintiff to file a motion to compel and after entry of the court's order the parties could complete discovery. Id. There is no mention of a protective order in this e-mail. Id.

On May 12, 2011, defense counsel's next e-mail addressed discovery and a protective order. "You asked me to let you know which of the individuals from whom you seek financial information were W2 vs 1099 individuals. Here is the list. I understand you will review this email and then let me know whether you will agree to a protective order being entered. As I explained, UNUM is willing to provide some financial information with a protective order. I will be out most of today, but back in Friday if you would like to further visit. Thank you." (Docket 53-3).

Without further discussion or resolution of the draft protective stipulation of February 2, 2011, defendant served plaintiff with defendant's answers to plaintiff's interrogatories on June 1, 2011.[4] (Docket 53-4). It is the court's understanding defendant provided plaintiff with the 2010 income records with the June 1, 2011, discovery. See Dockets 53-4 & 53-7. Neither

---

[4]On February 3, 2011, defendant served its objections to plaintiff's request for production of documents, which included requests for W-2s for the same four Unum employees and a 1099 for an independent contractor for the years 2007-2010. (Docket 41-3). Among other objections, defendant declared plaintiff's requests "(4) . . . seeks documents which constitute or contain confidential information; and (5) to the extent it seeks documents protected by third parties' right of privacy." Id. *passim*.

defense counsel's cover letter nor defendant's answers to interrogatories made any reference to a confidentiality agreement or protective order.

Discussions continued between counsel regarding plaintiff's request for the 2007-2009 financial information. On June 20, 2011, defense counsel's e-mail stated "[i]n response to your inquiry regarding whether the Defendant will produce the 2007 to 2009 information without a court order, the answer is no. We have produced the information for 2010, the year the claim was considered and these individuals were involved. . . . I would not object to the motion to compel on the basis of any failure to 'meet and confer'. But if you want to further discuss before a motion to compel, let me know." (Docket 53-5). Defense counsel's next e-mail on discovery occurred on October 11, 2011. (Docket 53-6). "I'm trying to figure out if I ever sent the responses to doc (or just the objections to doc responses). I don't have record of sending the doc responses & my best recollection is I was waiting on a protective order. My secretary visited w/your secretary yesterday but I'm still confused. Thank you." Id. In response, plaintiff's counsel sent an e-mail dated October 11, 2011, which stated, "[a]s you requested, enclosed is the documents that were produced along with Defendant's Answers to Interrogatories (bates stamped nos. UA-MS-ES-000001-12 and UNUM 1-5)."[5] (Docket 53-7).

---

[5] Again, the court presumes "UNUM 1-5" were the four W-2s and one Form 1099 served on plaintiff on June 1, 2011.

Plaintiff's motion to compel discovery of the 2007-2009 financial information for the five individuals was filed on November 2, 2011. (Docket 29). No further mention of a protective order or a confidentiality agreement between counsel was mentioned by the parties except by footnote 2 in defendant's brief in resistance to motion to compel. See footnote 3 *supra.*

Rather than confirm the existence of either an informal confidentiality agreement or resolve execution of a stipulation for entry of a protective order, defendant chose to produce the 2010 income records in the ordinary course of discovery. It is unclear from the record whether this was a conscious decision or an oversight on the part of defense counsel. However, the court is convinced there was no "meeting of the minds" to create an informal confidentiality agreement between counsel. Defendant also fails to convince the court there was good cause for accepting defense counsel's position against the overwhelming state of the record which refutes defense counsel's claim. Having voluntarily produced the 2010 income records and then allowed nearly eleven months, the time between February 2011 and January 2012, to lapse before filing motions to seal and for a protective order, defendant is not entitled to retract the discovery or seal the court record. For these reasons, defendant's motions to seal (Dockets 43, 47 & 50) are denied.

**MOTIONS FOR A PROTECTIVE ORDER**[6]

Federal Rule of Civil Procedure 26(c), as relevant to defendant's motion, provides:

(c) Protective Orders.

(1) In General. A party . . . from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . .
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . .

Fed R. Civ. P. 26(c).  "Rule 26(c) was adopted as a safeguard for the protection of parties and witnesses in view of the almost unlimited right of discovery given by Rule 26(b)(1)."  8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, 8A Federal Practice and Procedure, § 2036, p. 163 (3d ed. 2010).

"Fed. R. Civ. P. 26(c) requires that 'good cause' be shown for a protective order to be issued.  The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements . . . .'  Such determination must also include a consideration of the

---

[6]Each of the decisions of the district court for the District of South Dakota cited by defendant which entered protective orders involving financial matters were orders based on joint motions of the parties.  (Docket 54 at p. 2). These cases are of no benefit to the court's analysis.

9

relative hardship to the non-moving party should the protective order be granted." General Dynamics Corp. v. Selb Manufacturing Co., 481 F.2d 1204, 1212 (8th Cir. 1973) (citation to Wright & Miller, Federal Practice and Procedure Civil § 2035 at 264-65). "[P]rotective orders are available to limit the spillover effects of disclosing sensitive information." Mohawk Industries, Inc. v. Carpenter, ___ U.S. ___, 130 S. Ct. 599, 608 (2009).

In the order granting plaintiff's motion to compel, the court found disclosure of five individual's financial information to be relevant to the issues of conflict or bias. (Docket 40, p. 7). Since these five individuals are not parties to this litigation and the financial information is generally recognized as confidential to them, the court finds limited disclosure outweighs the public interest in full disclosure. "One interest which should be recognized in the balancing process is an interest in privacy." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994). "A factor which a court should consider in conducting the good cause balancing test is whether a party benefitting from the order of confidentiality is a public entity or official. . . . [or] whether the case involves issues important to the public." Id. at 788. "On the other hand, if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." Id.

While four of these individuals are employees and the other an independent contractor of Unum and their credibility is subject to being tested because of their apparently significant financial relationship with Unum, they are not parties to this litigation but "are private individuals with legitimate privacy concerns."  <u>Pochat v. State Farm Mutual Automobile Ins. Co.</u>, Civ. 5:08-5015-KES, 2008 WL 5192427 at *6 (D.S.D. Dec. 11, 2008) (not published).

"[T]he federal rules confer broad discretion on the district court to decide when a protective order is appropriate and what degree of protection is required."  <u>Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2</u>, 197 F.3d 922, 925 (8th Cir. 1999) (internal citation, quotation marks and brackets omitted).  Because this litigation involves a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, for which neither party is entitled to a jury trial, the issue of disclosure of the financial information in question is much more limited.  At this juncture, the only concerns for public disclosure of this private information are in the public filings of pleadings and orders.  If this case goes to trial before the court, there is the general right of the public to attend without restrictions imposed by a protective order.  However, the court will revisit the issue and allow counsel to submit briefs on the confidential nature of any evidence at trial.

For purposes of completion of discovery in this case, the court intends to respect and protect the privacy of the five individuals who are the subject of defendant's motions for a protective order.  The court will allow the orders restricting access to the pleadings filed to date to remain in place.  The court will issue a redacted order granting plaintiff's motion to compel (Docket 40) identifying the individuals by their professional title with initials of their first and last name only.  This will be a public filing.  Defendant shall produce to plaintiff the documents contemplated by the order (Docket 40) without redaction.  However, any future use of the information by either party from the 2007-2010 W-2s or Form 1099s shall identify the individuals by their professional title with initials of their first and last name only.  Other relevant provisions will be set forth in a separate protective order.

## ORDER

Based on this analysis, it is hereby

ORDERED that defendant's motions to seal (Dockets 43, 47 & 50) are denied.

IT IS FURTHER ORDERED that defendant's motions for a protective order (Dockets 43, 47 & 49) are granted in part and denied in part.

IT IS FURTHER ORDERED that the previous orders requiring Dockets 31, 41-4 and 46 to be restricted to court users and case participants shall remain in effect.

IT IS FURTHER ORDERED that defendant shall produce to plaintiff the documents contemplated by the order (Docket 40) without redaction.

IT IS FURTHER ORDERED that any future use of the information by either party from the 2007-2010 W-2s or Form 1099s shall identify the individuals by their professional title with initials of their first and last name only.

Dated February 22, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE