UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JOY R. WHIPPLE, M.D., ) | CIV. 10-5075-JLV |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | [REDACTED] |
| ) | |
| UNUM GROUP CORPORATION, ) | |
| d/b/a Unum Life Insurance ) | |
| Company of America, ) | |
| ) | |
| Defendant. ) | |

**INTRODUCTION**

Plaintiff Joy R. Whipple, M.D. (Dr. Whipple) filed a complaint against defendant Unum Group Corporation (Unum) alleging defendant violated the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, in denying plaintiff disability benefits. (Docket 1). Unum admits the group disability insurance plan (Plan) with plaintiff's employer is subject to ERISA. (Docket 10). Unum admits it is both the insurer and the claims administrator of the Plan. (Docket 37-1, ¶ 2). The Plan gives Unum the discretion to determine benefits, resolve factual disputes and interpret the Plan provisions. Id. Unum denies it violated ERISA in determining plaintiff was no longer disabled within the meaning of the Plan. Id. Plaintiff filed a motion to compel to determine bias and conflict of interest by defendant in denying plaintiff benefits. (Docket 29). Defendant resists plaintiff's motion. (Docket 35). After briefing, the motion is ripe for resolution. For the reasons stated below, plaintiff's motion is granted.

**DISCUSSION**

Plaintiff seeks an order compelling Unum to answer certain interrogatories and produce documents associated with those interrogatories. The interrogatories sought disclosure of the W-2 or 1099 income for Dr. T.S., Dr. S.B., Dr. B.S., Dr. A.K., and P.M., RN, MSC,[1] for the years 2007-2010. All of these individuals participated in evaluating Dr. Whipple's disability claim. (Docket 30, p. 2). Plaintiff seeks discovery of these individuals' relationship with Unum for the years 2007-2009, as these "medical advisors . . . reviewed Dr. Whipple's case . . . provided opinions which were part of the basis for Unum's denial of benefits to Dr. Whipple [and] . . . the amount of money Unum paid these individuals and the number of cases they reviewed may show bias and a conflict of interest." Id. "If these individuals receive substantial income from Unum and review many cases, they may have an interest in preserving their income and employment." Id.

The question posed by plaintiff was: "How many cases did [name] review for you in each of the following years: 2007, 2008 [and] 2009 . . . ." (Docket 31-2). The request for production of documents made the same request relating to each individual: "Please provide the W-2 or 1099 you issued to [name] for each of the following years: 2007, 2008 [and] 2009 . . . ." (Docket 31-3).

---

[1]Initials are used to protect the privacy of these individuals who are not parties to the litigation.

Unum's objections to the interrogatories were, as follows:

> Defendant objects to this request on the grounds that (1) it is vague and ambiguous, particularly with regard to the use of the word "cases;" (2) it seeks information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (3) it is overly broad, particularly with regard to scope and time, as Plaintiff did not file her claim for benefits until 2010; and (4) that plaintiff's claim is under a plan governed by ERISA, and therefore the Court's review is limited to the administrative record, a copy of which has been previously produced to plaintiff.

(Docket 31-1). In response to plaintiff's requests for production of documents, defendant interposed the following objection:

> Defendant objects to this request on the grounds that (1) it seeks documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (2) it is overly board, particularly with regard to scope and time, as Plaintiff did not file her claim for benefits until 2010; (3) that plaintiff's claim is a plan governed by ERISA, and therefore, the Court's review is limited to the administrative record, a copy of which has been previously produced to plaintiff; (4) it seeks documents which constitute or contain confidential information; and (5) to the extent it seeks documents protected by third parties' right of privacy.

(Docket 31-3).

Since Unum concedes it is both the insurer and claims administrator and operates under a conflict of interest, Unum argues discovery into the conflict is not warranted. (Docket 35, p. 3). Unum argues no further discovery is necessary as it has already produced over 1,000 pages, including the claims file and policies. (Docket 36, ¶ 2).

Notwithstanding its objections, Unum disclosed on a confidential basis information for each individual's income[2] and work[3] on Unum claims for the year 2010, summarized as follows:

| | | |
|---|---|---|
| Dr. T.S. | $196,693.28 | 588 claims; |
| Dr. S.B. | $203,707.36 | 250 claims; |
| Dr. B.S. | $166,050.00 | 188 claims; |
| Dr. A.K. | $212,115.34 | 127 claims; and |
| RN P.M. | $68,672.63 | 619 claims. |

(Dockets 31-4 & 31-2).

Under Metropolitan Life Insurance Co. v. Glenn, 554 U.S. 105 (2008), when a court "review[s] the lawfulness of benefit denials, [it] will often take account of several different considerations of which a conflict of interest is one." Id. at 117. The court must "reach[] a result by weighing all [factors] together." Id. "In such instances, any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." Id. "The conflict of interest . . . should prove more important (perhaps of great

---

[2] The income for Drs. T.S., S.B., A.K. and RN P.M. were reported on W-2s [employee income] and Dr. B.S.'s income was reported on a Form 1099 [as an independent contractor]. (Docket 31-4) (sealed).

[3] Unum describes this work as "performing activities . . . [which] may include tasks such as preparation of written reviews, attending physician contacts, roundtable participation and doctoral consultations." (Docket 31-2).

importance) where circumstances suggest a higher likelihood that it affected the benefits decision . . . ." Id. The conflict of interest factor "should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits." Id. Evaluating the Plan's decision for abuse of discretion, it is important to the court whether Unum "emphasized a certain medical report that favored a denial of benefits, had deemphasized certain other reports that suggested a contrary conclusion, and had failed to provide its independent vocational and medical experts with all of the relevant evidence." Id. at 118 (emphasis added).

After Glenn, this court specifically authorized discovery into conflict of interest in an ERISA denial of benefits case. See Hackett v. Standard Insurance Co., CIV. 06-5040-JLV, 2010 WL 1494772 (D.S.D. April 4, 2010). "Where a conflict of interest exists, the court, using its authority under Fed. R. Civ. P. 26, should allow plaintiff to inquire into any financial incentive an administrator or its claims department may have in denying claims which, but for the conflict, would seem appropriate for payment of benefits." Id. at *3. "The same holds true with respect to the relationship between an administrator's claims department and those outside medical advisors who

5

may have an incentive to inappropriately deny claims so as to extend or otherwise enhance their longstanding financial relationship with the administrator." Id. at *4.

Unum argues Hackett is not authoritative because of two cases issued after Hackett by the Court of Appeals for the Eighth Circuit. (Docket 35, p. 4). Unum cites to Jones v. ReliaStar Life Insurance Co., 615 F.3d 941 (8th Cir. 2010) and Atkins v. Prudential Insurance Co., 404 Fed. App. 82 (8th Cir. 2010) (unpublished opinion). (Docket 35, p. 3).

Unum's argument is not persuasive. In Jones, the defendant conceded it was operating under a conflict of interest because "it was both insurer and administrator of the plan . . . ." Jones, 615 F.3d at 945. The court denied plaintiff's challenge to the district court's denial of discovery into the conflict of interest and the merits of defendant's decision because the case "involves an application of policy language to undisputed facts, and the administrative record is sufficient to permit a fair evaluation of ReliaStar's decision." Id. (emphasis added). In Atkins, the district court, after denying plaintiff's request for discovery on the conflict of interest issue (through broad interrogatories and requests for production of documents), granted summary judgment to Prudential Insurance because the administrative record was complete, the plan's decision was supported by substantial evidence and was reasonable. Atkins, 404 Fed. App. at 84. Comparing Atkins to Jones, the Court of Appeals

for the Eighth Circuit concluded the district court did not abuse its discretion in denying plaintiff's request for discovery. Id. at 85.

Dr. Whipple's case is more closely aligned with Hackett than with Jones or Atkins. It is clear to the court this case involves significant disputed facts, interpretations of medical diagnoses, medical opinions, and projections of future employability or disability. Resolution of disputed facts will rest in large part on the credibility of the witnesses, including Unum's medical advisors. While Unum concedes the conflict of interest, it fails to acknowledge that four of its five "independent" medical advisors are actually employees of Unum. "Based upon suggestions by the reviewing physicians, a second review (by a physical medicine and rehabilitation physician) was done and later reviews were also done by an internal medicine physician and a second physical medicine and rehabilitation physician, and an internal medicine physician was also consulted." (Docket 35, pp. 1-2).

Nowhere does Unum admit the financial nature of the relationship, but the W-2s indicate the individuals are Unum's own employees. The Form 1099 for Dr. B.S. indicates she generated a significant income during 2010 from her work with Unum. As employees, or as an outside contractor, these medical advisors "may have an incentive to inappropriately deny claims so as to extend or otherwise enhance their longstanding financial relationship with the administrator." Hackett, 2010 WL 1494772 at *4. "[A] conflict . . . cannot be

considered in a vacuum. Discovery is required to explore the nature and extent of the purported conflict . . . at issue." Id. (internal citation omitted). "A large body of historical evidence might lend some statistical credibility to the claim that a pervasive bias infected a particular decision." Mulligan v. Provident Life and Accident Insurance Co., 271 F.R.D. 584, 589-90 (E.D. Tenn. 2011).

Unum's objections that plaintiff's discovery requests are vague, overly broad, or unduly burdensome are without merit based on the 2010 discovery defendant provided. Producing W-2s or Form 1099s and reporting the number of claims on which an individual performed some activity, as Unum did for 2010, are reasonable methods by which defendant will provide discovery for the years 2007-2009.

## ORDER

Based on this analysis, it is hereby

ORDERED that plaintiff's motion to compel discovery (Docket 29) is granted.

IT IS FURTHER ORDERED that defendant Unum Life Insurance Company of America shall provide answers to plaintiff's interrogatories and produce the documents requested for the years 2007-2009 for Dr. T.S., Dr. S.B., Dr. B.S., Dr. A. K., and RN P.M. in the same manner in which the defendant produced information for the year 2010.

IT IS FURTHER ORDERED that defendant Unum Life Insurance Company of America shall produce this discovery to plaintiff, but not file it with the court, on or before **February 16, 2012**.

Dated February 22, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE